```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Alice Gail Day,                 :

       Plaintiff,          :

   v.                          :        Case No. 2:10-cv-1162

Worthington Public Schools,     :        JUDGE HOLSCHUH
                                                MAGISTRATE JUDGE KEMP
       Defendant.          :

<u>REPORT AND RECOMMENDATION</u>
<u>AND ORDER</u>

    On December 23, 2010, this Court received a complaint from Alice Gail Day.  Her complaint was accompanied by a request for leave to proceed without payment of the filing fee.  From a financial standpoint, it does appear that she cannot afford the fee, and her motion for leave to proceed *in forma pauperis* (#1) is granted.

    Under 28 U.S.C. §1915(e), which is part of the statute that allows the Court to permit people to file a complaint in this Court without paying the filing fee, the Court must review any complaint filed by such a person to determine if, among other things, it states a claim upon which relief can be granted.  In particular, the Court must look at the complaint to see if it states a legal claim that can properly be heard in a federal (as opposed to a state) court.  If not, the case cannot proceed because the Court would lack the jurisdiction, or power, to decide it.  Not every legal dispute between people can be tried in a federal court; the federal court only has jurisdiction over certain kinds of cases, or cases between certain kinds of people, as described in Article III, section 2 of the United States Constitution, and as provided for in an Act of Congress that implements Article III.

As it stands, the complaint which Ms. Day has submitted does not appear to set forth any claim that this federal court can hear. Her complaint is very brief; it simply says that she wants the Court to review why it is that she has been banned from working as a substitute teacher in the Worthington School District, and to decide if the School District has to release to her the personnel files of other substitute teachers. As relief, she asks to be employed by this public school district.

One type of case which a federal court can hear is a case arising under federal law - that is, which involves the interpretation or application of some provision of the United States Constitution or a federal statute. Ms. Day has not pleaded any facts which would suggest that her claim for either employment or for release of records involves any federal law. For example, she has not said that she is being treated differently from others because of some category such as race, national origin, religion, ethnicity, sex, or some other discriminatory reason. That type of claim might involve the application of the Equal Protection Clause of the Fourteenth Amendment or some statute such as the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (although in order to sue under Title VII, the aggrieved person must first pursue an administrative claim before either the Equal Employment Opportunity Commission or a similar state agency and receive a "right-to-sue" letter), but she has not given the Court any indication that this is the kind of claim she is making. Federal courts can also decide cases that are based on state law if the parties to the case are citizens of different states and the amount involved in the case exceeds $75,000, but it appears that Ms. Day and the Worthington Public Schools are both Ohio residents, so that basis of jurisdiction would not apply either.

In short, Ms. Day does not, at the moment, seem to have

pleaded a claim upon which a federal court could grant her any relief, or over which a federal court could properly exercise its jurisdiction.  That being the case, it is being recommended that this case be dismissed without prejudice for lack of subject-matter jurisdiction.  If this recommendation is adopted, a copy of this Report and Recommendation, the complaint, and any dismissal order should be mailed to the defendant.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge